IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MIKE FORADORI, AS GUARDIAN
FOR THE PERSON AND ESTATE OF
MICHAEL FORADORI, JR., A MINOR
AND LANE FURNITURE INDUSTRIES, INC.

V.                                                            NO. 1:03CV669

CAPTAIN D'S, LLC

V.

CASTLE & ASSOCIATES,
JIM WALTER HOMES, INC.,
JOHN DOES 1-10 AND
XYZ CORPORATIONS 1-10

**ORDER**

This cause comes before the court addressing various motions raised by the parties.

The court considers first third-party defendant Jim Walter Homes' motion to strike [111-1] the third-party complaint asserted against it. While there is some doubt as to whether third-party plaintiff Captain D's will be able to obtain indemnity against Jim Walter Homes in this case, it nevertheless seems clear that, accepting the allegations therein as true, the third-party complaint properly states a claim under Fed. R. Civ. P. 14. That is, Captain D's alleges that, if it was negligent at all, then it was only passively negligent, and that it is entitled to indemnity on this basis from the actively negligent Jim Walter Homes. Regardless of whether Captain D's will be able to prove facts in support of these allegations, the court concludes that the third-party complaint sufficiently states a claim so as to survive a motion to strike.

Captain D's has responded with its own motion [120-1] to strike the fifth affirmative defense raised by Jim Walter Holmes, but this motion is likewise due to be denied. In this fifth defense, Jim Walter Homes merely "invokes any and all affirmative defenses to which it is entitled as set forth in the pleadings filed by the Third Party Plaintiffs in this action." While the court agrees that this blanket affirmative defense is so vague as to be largely meaningless, the fact remains that litigants commonly include such blanket defenses in their pleadings. This blanket affirmative defense will likely have little if any legal effect, but the court sees no need to strike it at this juncture.

In light of the foregoing, the motions to strike filed by Jim Walter Homes [111-1] and Captain D's [120-1] are **denied**. Jim Walter Homes' motion for an extension of time [121-1] is **granted**.

**SO ORDERED**, this the 20th day of June, 2005.

                                    **/s/ Michael P. Mills**
                                  **UNITED STATES DISTRICT JUDGE**