**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MIKE FORADORI, AS GUARDIAN**
**FOR THE PERSON AND ESTATE OF**
**MICHAEL FORADORI, JR., A MINOR,**
**LANE FURNITURE INDUSTRIES, INC.**                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 1:03CV669-MD**

**CAPTAIN D'S, LLC, AND**                    **DEFENDANT/THIRD PARTY**
                                              **PLAINTIFF/CROSS-PLAINTIFF**
**AND**

**JIM WALTER HOMES, INC.**                **DEFENDANT/CROSS-DEFENDANT**

**VS.**

**CASTLE & ASSOCIATES, P.A., ET AL**            **THIRD PARTY DEFENDANTS**

---

**MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS ASSERTED BY**
**PLAINTIFF MICHAEL FORADORI, JR.**

COMES NOW Defendant Captain D's, LLC  (hereinafter "Captain D's"), by and through

counsel, and in support of its Motion for Summary Judgment filed pursuant to Rule 56 of the

Federal Rules of Civil Procedure as to all claims asserted by Plaintiffs Michael Foradori, Jr.

("Foradori") would show unto the Court as follows:

**I.**

On December 22, 2000, Michael Foradori, Jr. was pushed from a retaining wall located

on a commercial property owned by Jim Walter Homes, Inc, situated south of and immediately

adjacent to the Captain D's premises on North Gloster Street, in Tupelo, Mississippi.  Foradori

fell from the retaining wall and landed on the parking lot of Jim Walter Homes.  As a result of this

accident, Foradori sustained a severed spine and is now a paraplegic with only limited use of his upper extremities.

## II.

In the Complaint, Foradori asserts a premises liability claim against Captain D's. Id.[1], ¶¶ 3.2.1 & 3.2.9. Additionally, through the doctrine of respondeat superior, Foradori asserts claims of negligence, negligent hiring, ratification, and failure to supervise and adequately train employees. Id., ¶¶ 3.2.2 - 3.2.8 & 3.2.10. Foradori seeks both compensatory and punitive damages.

## III.

On June 21, 2005, Captain D's filed its answer to the Amended Complaint denying all of these claims. See Exhibit B, Answer and Defenses of Captain D's, LLC, to First Amended Complaint, and Crossclaim.

## IV.

The trial of this matter is set for October 3, 2005. The discovery deadline of July 5, 2005, has expired.

## V.

Captain D's now moves for summary judgment on the following issues about which there are no genuine issues of material fact:

A. Plaintiff contends that Captain D's is liable for the actions (i.e., assault and/or battery) of its employee, Harris, under a resondeat superior/vicarious liability theory, arguing that because Harris was wearing a Captain D's uniform and had been working at Captain D's prior to this accident, Captain D's is liable for his actions. However, Mississippi law is well settled that an employer is only liable for the actions or omissions of its employees where the act

---

[1] Most likely due to a clerical error, paragraph 3.2 (and its sub-paragraphs) of the Complaint is identical to paragraph 3.3 (and its sub-paragraphs) of the Complaint. For the purpose of simplifying this Motion, Captain D's will refer only to Paragraph 3.2 (and its sub-paragraphs).

2

complained of occurred within the course of, and as a means of accomplishing the purposes of, employment and therefore in furtherance of the employer's business. In this case, Harris was employed by Captain D's as a cook. He exited the restaurant, after clocking out for the day, to go home. Thereafter, when he pushed Foradori from the subject retaining wall, Harris was clearly not furthering the business of Captain D's, nor were his actions incidental to his employment with Captain D's. Accordingly, Plaintiff's claim on this issue is simply unsupported by the evidence and fails as a matter of law.

B.      Plaintiff also alleges a claim of negligent hiring because Captain D's knew or should have known of Harris's violent propensities. However, there is no evidence that Harris had any violent propensities prior to this accident. He had no criminal record prior to this accident, and there is no evidence that he had ever exhibited any violent conduct prior to this accident. Accordingly, there is no genuine issue of material fact on this claim, and summary judgment should be granted dismissing the claim of negligent hiring.

C.      Plaintiff asserts the claim that Captain D's ratified the conduct of Harris by not terminating his employment subsequent to December 22, 2000. However, because Harris did not assault Foradori on behalf of Captain D's, Captain D's did not authorize Harris to assault Foradori on its behalf, and Captain D's did not benefit because of Harris's assault of Foradori, the ultimate decision whether or not to discipline Harris, or terminate his employment, due to his assault upon Foradori is insufficient to support Foradori's claim that Captain D's ratified, and is liable for, Harris's actions. Therefore, summary judgment should be granted dismissing the ratification claim.

D.      Plaintiff alleges that Captain D's was negligent in its training and supervision of its employees, thereby creating an "atmosphere of violence" on its premises  However, there is not a scintilla of evidence that Captain D's, through its managerial employees, had actual or

constructive knowledge of an atmosphere of actual or potential violence on or around the premises. Indeed, no prior altercations, or resulting injury, have ever occurred on the premises of Captain D's. There is simply no genuine issue of material fact demonstrating that Captain D's had either actual or constructive knowledge of any alleged "atmosphere of violence." Accordingly, summary judgment should be granted, and this claim should be dismissed.

E.     Plaintiff additionally claims that the retaining wall from which Foradori was pushed constitutes a dangerous and hazardous condition, and therefore asserts a premises liability claim against Captain D's. Although Captain D's disputes that the retaining wall was a dangerous or hazardous condition, it need not even make this argument because Captain D's did not own, construct or control the retaining wall, or the property on which it was located. There is no dispute that this property was actually owned by Jim Walter Homes, Inc. ("Jim Walter"), a co-defendant in this case. Because a property owner cannot be liable for an alleged dangerous condition that is *not* located on the owner's property, Captain D's cannot be liable for Plaintiff's claim that the retaining wall was a dangerous condition. Therefore, summary judgment should be granted on this claim.

F.     Finally, all claims asserted by Foradori in this action fail due to the absence of an essential element of his claim, i.e., proximate cause. In none of the numerous discovery responses, depositions and/or document productions involved in this case has the Plaintiff been able to demonstrate, in any fashion, that the actions or omissions of Captain D's were causally connected to the injuries sustained by Foradori. Indeed, the sole efficient cause of these unfortunate injuries was the unforeseeable and criminal act of Gary Harris in pushing Foradori. Due to the lack of any causation linking Captain D's to the damages sought to be recovered by Foradori, entry of summary judgment in favor of Captain D's, as to all claims, is mandated.

**VI.**

Although all claims against Captain D's should be dismissed, alternatively, if any claim is not dismissed, Captain D's seeks summary judgment on Plaintiff's claim for punitive damages. Plaintiff does not assert claims of malice or fraud. Further, there is simply no evidence that Captain D's acted with gross negligence in any manner which led to Foradori's injury. It is well settled that punitive damages are disfavored under Mississippi law, and the case at hand simply does not warrant consideration of punitive damages based on the undisputed facts. Further, a defendant, such as Captain D's, cannot be held liable for punitive damages based on the actions or omissions of its employees, under a vicarious liability theory. Accordingly, Plaintiff's claim for punitive damages should be dismissed.

**VII.**

Federal Rule of Civil Procedure 56 states in relevant part that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56(c). In the instant case, no genuine issues of material fact exist in this cause in regard to the claims asserted by the Plaintiffs and, accordingly, summary judgment in favor of Captain D's as to all claims asserted against it in this cause is appropriate.

**VIII.**

In support of the Motion for Summary Judgment, Captain D's would rely on its Memorandum Brief and the following exhibits:

Exhibit A:    Amended Complaint (Docket Entry #304);

Exhibit B:    Answer & Defenses of Captain D's, LLC. to First Amended Complaint, and Crossclaim (Docket Entry #309);

5

Exhibit C:     Jim Walter Homes, Inc.'s Responses to First Set of Interrogatories & Request for Production of Documents Propounded by Captain D's, LLC;

Exhibit D:     Jim Walter Homes, Inc.'s Responses to First Set of Requests for Admissions Propounded by Captain D's, LLC;

Exhibit E:     Captain D's Employee Timesheets;

Exhibit F:     Excerpts from Deposition Transcript of Michael Foradori, Jr.;

Exhibit G:     Excerpts from Deposition Transcript of Garious L. Harris;

Exhibit H:     Excerpts from Deposition Transcript of Al Cannon;

Exhibit I:     Excerpts from Deposition Transcript of Anthony Ferguson;

Exhibit J:     Excerpts from Deposition Transcript of Peggy King;

Exhibit K:     Excerpts from Deposition Transcript of Captain D's;

Exhibit L:     Photographs of subject retaining wall, Jim Walter parking lot and Captain D's parking lot and building; and

Exhibit M:     Excerpts from Deposition Transcript of Dr. Rick Carlton, all fully adopted and incorporated herein by reference.

WHEREFORE, PREMISES CONSIDERED, Defendant Captain D's, LLC, respectfully requests the Court to grant its Motion for Summary Judgment dismissing, with prejudice, all claims asserted by Plaintiff Michael Foradori, Jr. against it, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED, this the 19th day of July 2005.

CAPTAIN D'S, LLC, Defendant

BY:   s/L. Bradley Dillard
        L. BRADLEY DILLARD (MB #10114)
        KEVIN B. SMITH (MB #10213)

703434

OF COUNSEL:

MITCHELL, McNUTT & SAMS, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI  38802-7120
(662) 842-3871

BRADLEY F. HATHAWAY (MB #10203)
CAMPBELL, DELONG &
        WADE, LLP
POST OFFICE BOX 1856
GREENVILLE, MISSISSIPPI 38701
(662)-335-6011

703434

## CERTIFICATE OF SERVICE

I, L. Bradley Dillard, one of the attorneys for Defendant Captain D's, LLC, do hereby certify that I have this day served a true and correct copy of the above and foregoing Motion for Summary Judgment of Defendant Captain D's, LLC as to all claims asserted by Plaintiff Michael Foradori, Jr., on the following counsel via electronic filing only:

R.H. Burress, III                         Robert Bradley Best
Post Office Box 787                 Post Office Box 707
Booneville, MS 38829             Oxford, MS 38655-0707

Zack Scruggs                           Taylor B. Smith
Post Office Box 1136               P. O. Box 827
Oxford, MS  38655                   Columbus, MS 39703-0827

Tacey Clark Clayton
Clayton O'Donnell Walsh & Davis, PLLC
P.O. Box 755
Tupelo, MS  38802-0755

**and** on the following counsel of record by placing said copy in the United States Mail, postage prepaid, addressed to him at his usual post office address as follows:

James Mark Shelton
SHELTON & DAWSON, P.A.
P.O. Box 228
Tupelo, MS 38802

THIS the 19th day of July, 2005.

_s/L. Bradley Dillard_____
L. BRADLEY DILLARD

703434                                                            8