**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| MIKE FORADORI, GUARDIAN OF THE PERSON AND ESTATE OF MICHAEL FORADORI, JR. | PLAINTIFF |
| V. | CASE NO. 1:03cv669 |
| CAPTAIN D'S, LLC | DEFENDANT |
| VS. | |
| CASTLE & ASSOCIATES, JIM WALTER HOMES, INC., JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 | THIRD PARTY DEFENDANTS |

_____

## ORDER

This cause comes before the court upon the motion of various parties, seeking summary judgment and other relief. The court, having considered the memoranda and submissions of the parties, is now prepared to rule.

On or about December 22, 2000, Michael Foradori, Jr. (hereinafter "Foradori") entered the Captain D's restaurant on North Gloster Street in Tupelo, Mississippi to meet his friends and to have dinner. Working at the restaurant that night were Captain D's employees Garious Harris and Al Cannon. Two girls entered the restaurant, and Foradori began speaking with one of them. Plaintiff alleges that Cannon approached Foradori and asked him why he was making advances on "[Cannon's] girlfriend." Foradori and Cannon exchanged words in the restaurant, whereupon, according to plaintiff's version of events, the restaurant manager told them to take their dispute outside. Plaintiff describes the subsequent events as follows:

> As per the manager's order, Michael, Al Cannon, Garious Harris, and others left the restaurant and went outside. They stood on a grassy area near the restaurant's entrance. The grassy area was approximately ten feet wide and sloped downward to a four-foot retaining wall. On the other side of the retaining wall was Jim Walter's parking lot. Michael was pushed from behind by Garious Harris, causing him to fall off the retaining wall onto Jim Walter's parking lot, breaking his neck. As a result of the incident, Garious Harris was adjudged a delinquent juvenile.

As a result of the accident, Foradori was, tragically, left paralyzed.[1]

Jim Walter presently seeks summary judgment, arguing that no genuine issue of fact exists regarding plaintiff's right to recover against it. There is no dispute that the retaining wall at issue herein was constructed by contractors hired by Jim Walter, nor is it disputed that the wall was built on Jim Walter's property to hold back dirt from the adjoining property now owned by Captain D's. Plaintiff asserts that Foradori's injury was sustained on Jim Walter's premises and that the retaining wall was a dangerous condition, as to which Jim Walter owed a duty to warn Foradori. Plaintiff further alleges that Jim Walter owed Foradori a duty to take necessary steps to prevent any foreseeable injury from occurring, such as by erecting a guard-rail on top of the retaining wall. Jim Walter, in turn, responds that Foradori was a trespasser on its property and that it merely owed Foradori a duty not to willfully or wantonly injure him.

In the view of this court, a crucial legal issue relating to plaintiff's claims against Jim Walter is whether this defendant's duty of care in this case is established by Mississippi's traditional scheme for classifying entrants. Under Mississippi law, the duty owed to a person on the premises generally depends upon the person's classification as invitee, licensee or trespasser. A landowner owes an invitee the duty to keep the premises reasonably safe and, when not

---

[1] Plaintiff asserts that Foradori is now a quadriplegic, while Jim Walter characterizes him as a paraplegic.

reasonably safe, to warn the invitee when there is hidden danger or peril that is not plain and in open view. *Caruso v. Picayune Pizza Hut, Inc.,* 598 So.2d 770, 773 (Miss. 1992). However, a landowner merely owes a licensee or trespasser a duty to refrain from willfully or wantonly injuring him. *Adams ex rel. Adams v. Fred's Dollar Store of Batesville,* 497 So.2d 1097, 1100 (Miss.1986) (citations omitted)." Under Mississippi law, "[t]he determination of which status a particular plaintiff holds can be a jury question, but where the facts are not in dispute the classification becomes a question of law for the trial judge." *Adams,* 497 So.2d at 1100.

In this case, plaintiff does not even attempt to argue that Foradori was an invitee of Jim Walter's, and it is thus apparent that, if the classification of entrants scheme applies herein, Jim Walter only owed Foradori a duty not to willfully or wantonly injure him. This is equally true regardless of whether Foradori was a licensee or, as argued by Jim Walter, a trespasser on its premises; the same standard applies regardless. *Id.* It can not seriously be contended that Jim Walter willfully or wantonly injured Foradori in this case, and it is therefore unsurprising that plaintiff seeks to argue that Mississippi's traditional classification of entrants does not apply at all. Unfortunately for plaintiff, however, he has little Mississippi authority in support of his argument, and that authority which does exist is clearly distinguishable from the instant case.

In arguing that the classification of entrants scheme does not apply herein, plaintiff initially cites the 1936 Mississippi Supreme Court decision of *Standard Oil Co. v. Decell*, 166 So. 379 (Miss. 1936). In *Decell*, the Supreme Court found that the Standard Oil Company faced potential liability where it maintained an uncovered and unlighted grease pit next to a frequently-traveled public right of way. In support of this holding, the Supreme Court cited § 368 of the Restatement of Torts for the proposition that:

3

> A possessor of land who creates or maintains thereon an excavation or other artificial condition so near an existing highway that he realizes, or should realize, that it involves an unreasonable risk to others accidentally brought into contact therewith while traveling upon the highway, is subject to liability for bodily harm thereby caused to them.

*Decell*, 166 So. at 382. In the view of this court, *Decell* is distinguishable from the instant case on at least two bases. First, it should be readily apparent that the construction of a retaining wall to stabilize a bank can not rationally be equated with the "uncovered grease pit" in *Decell*. Second, it should be apparent that the retaining wall at issue in this case was not built next to an "existing highway" or any other such frequently-traveled public right-of-way which might put Jim Walter on notice of a high danger that individuals would come in frequent contact with it. Indeed, it was only an unusual event- an altercation between individuals on adjoining premises- which resulted in the accident in this case.

The other primary Mississippi case relied upon by plaintiff is the 2001 Mississippi Court of Appeals decision of *Miller v. Coast Elec. Power Ass'n*, 797 So.2d 314, 317 (Miss. App. 2001). In *Miller*, the plaintiff was injured when she stepped in an unfilled hole in the ground while walking her child to a school bus. *Id.* at 315. The evidence in that case indicated that the defendant power company had failed to properly fill a hole left over from the removal of one of its power poles, and the Court of Appeals held that the company faced potential liability even though it had since transferred ownership of the property. *Miller* at 316-17. Plaintiff argues that *Miller* supports Jim Walter's potential liability in this case, but the court does not agree. This court does not accept plaintiff's argument that a retaining wall separating two properties can be equated to a hole, largely hidden from view, which was left uncovered as a matter of a defendant's active negligence. Moreover, like the grease pit in *Decell,* the uncovered hole in

4

*Miller* was located in an area where the public could be expected to travel frequently.[2] Thus, assuming *arguendo* that *Miller* and *Decell* do constitute exceptions to the general classification of entrants scheme in Mississippi law, it is apparent that these exceptions have no applicability in the instant case.

In the view of this court, the correct legal standard in the instant case was set forth by the Mississippi Supreme Court in the recent decision of *Mayfield v. The Hairbender*, 903 So.2d 733 (Miss. June 2, 2005). In *Mayfield*, the Supreme Court, on rehearing *en banc*, clarified the current state of Mississippi premises liability law in a case which bears substantial resemblance to the instant one. In *Mayfield*, the plaintiff, while an invitee on defendant's premises, tripped on pavement which she described as "broken" and "unlevel." Plaintiff filed suit, claiming that the defendant premises owner was negligent both by failing to repair the pavement where she tripped and in failing to adequately warn her of the broken, raised pavement. The trial court granted summary judgment based upon the fact that the broken portion of pavement was "open and obvious" and that, in any case, plaintiff was aware of it.

On appeal, the Supreme Court, citing *Vaughn v. Ambrosino*, 883 So.2d 1167, 1170 (Miss.2004) reaffirmed that "an invitee may not recover for failure to warn of an open and obvious danger." *Mayfield*, at 903 So.2d at 736. The Supreme Court in *Mayfield* emphasized,

---

[2]Even more clearly distinguishable is the third Mississippi case cited by plaintiff, namely *Martin v. Flanagan*, 818 So. 2d 1124, 1128 (Miss. 2002). Plaintiff cites *Martin* for the proposition that "under Mississippi law a landowner is liable for injury caused by outflows of surface water from his or her property that are the result of unreasonable acts." While this is no doubt a correct statement of Mississippi law, this law clearly has no application to the facts of the present case.

5

however, that the open and obviousness of a particular danger is *not* a complete defense to an invitee's allegations that a defendant was negligent in creating or failing to repair a dangerous condition on the premises. The Supreme Court accordingly affirmed the trial court's grant of summary judgment on the plaintiff's failure to warn claim, but it reversed and remanded for trial as to plaintiff's claims that the defendant had negligently failed to maintain the premises.

While *Mayfield* provides helpful clarifications regarding the current state of Mississippi's premises liability law, the most important part of the decision, for the purposes of the instant case, is that the Supreme Court conditioned the defendant's basic duty of reasonable care upon the existence of an invitee-invitor relationship. At the time he was injured, Foradori plainly had no intention of conducting any business on Jim Walter's premises, and there is no conceivable argument that he was Jim Walter's invitee at the time of the accident. Plaintiff and Captain D's each argue that fact issues exist regarding whether Foradori was a licensee or trespasser in this case, but this is truly a distinction without a difference, inasmuch as the "willful or wanton" standard applies regardless. *See Green v. Dalewood Property Owners' Ass'n, Inc.*, 2005 WL 1530442, 3 (Miss. App. 2005) (noting that the licensee-trespasser "distinction makes little difference, for a landowner owes a licensee and a trespasser the same duty, to refrain from willfully or wantonly injuring him.") *See also Adams,* 497 So.2d at 1100.

As noted previously, there exists no rational argument that Jim Walter willfully or wantonly injured Foradori in this case. Indeed, considering the aforementioned authority, it is unsurprising that plaintiff did not even attempt to name Jim Walters as a defendant until years after it filed suit against Captain D's, and only months before the scheduled trial date in this case. Until very recently, plaintiff appeared to correctly recognize that this lawsuit involves a legal

dispute between himself and Captain D's, and the court sees no basis for Jim Walter to remain a defendant in this lawsuit. Jim Walter's motion for summary judgment will therefore be granted.

That brings the court to the motion for summary judgment filed by Captain D's. While Captain D's seeks dismissal of various claims asserted against it by plaintiff, the court concludes that fact issues precluding summary judgment clearly exist with regard to at least some of those claims. In opposing summary judgment, plaintiff correctly asserts that, as a Captain D's customer, he was an invitee owed a duty of reasonable care. Plaintiff further alleges that, while he was in the restaurant, he was approached in a hostile manner by Captain D's employees and that, when a confrontation ensued, he and the Captain D's employee were ordered by Captain D's manager to take their dispute outside.

At the summary judgment stage, this court is required to view the evidence in the light most favorable to plaintiff, as the non-moving party. Considered in this light, the facts clearly present a significant potential for liability on the part of Captain D's. Indeed, plaintiff asserts that Foradori entered Captain D's as a paying customer and that he was approached in a hostile and aggressive manner by two Captain D's employees. Also troubling is the fact that, according to plaintiff, the Captain D's manager was aware of these hostile actions by the employees and that she, arguably, facilitated or at least failed to prevent them. In light of this and other evidence in the record, genuine issues of material fact clearly exist as to whether Captain D's faces potential liability for the injuries suffered by plaintiff in this case.

While Captain D's will no doubt present its own interpretation of the facts to the jury, this court is, as stated previously, required at the summary judgment stage to interpret the facts in the light most favorable to plaintiff. A jury trial is clearly in order with regard to plaintiff's claims

7

against Captain D's, and the court concludes that it will be in a better position to evaluate at the directed verdict and/or jury instruction stage which of the legal theories advanced by plaintiff should be presented to the jury. While it may well develop that plaintiff will eventually be unable to present all of its claims to the jury, the court declines to dismiss any of plaintiff's claims at this juncture.

The court next considers the motion for summary judgment filed by Captain D's against plaintiff Lane Furniture Industries, Inc. ("Lane"). Foradori is a covered dependent under an ERISA-qualified insurance plan issued by Lane, and Lane was brought into this action as a co-plaintiff real party in interest on the motion of Foradori. Lane professes no interest in pursuing any claims against Captain D's in this case, and it does not oppose Captain D's motion for summary judgment. Lane does emphasize, however, that any order dismissing it from this case should be without prejudice to its rights to seek subrogation against any eventual recovery by Foradori, pursuant to medical liens which it possesses. The court finds this request to be well-taken, and Captain D's motion for summary judgment as to Lane will be granted. This dismissal is with prejudice as to any claims by Lane against Captain D's, but without prejudice as to any subrogation claims by Lane against Foradori.

Finally, the court would note that third party defendant Williams Engineering ("Williams"), against whom Captain D's has filed a third-party claim for indemnity, has filed its own motion [368-1] for summary judgment.[3] In the view of this court, however, this motion for

---

[3]Captain D's third-party complaint against Williams alleges that:
    Captain D's relied upon the professional advice and expertise of
    Third Party Defendants Castles and/or Williams in making a
    determination as to what precautions and warnings, if any, were
    necessary. Should the finder of fact in this cause ultimately

summary judgment is not yet ripe, inasmuch as any claim on the part of Captain D's for indemnity has not yet accrued. Indeed, federal courts in other jurisdictions have routinely held that indemnity claims are unripe until the alleged indemnitee's liability has been fixed by a judgment or settlement. *See e.g., Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388-89 (11th Cir.1982); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 932-33 (4th Cir.1977). The court therefore declines to address this motion for summary judgment at this juncture.[4]

The court will nominally retain Williams as a third party defendant in this action, but, at this juncture, the court intends for the trial to focus solely upon Foradori's claims against Captain D's. Captain D's potential indemnity claim against Williams will only accrue if a judgment is entered against it, and it may well develop that the proof at trial will establish that no potential liability on the part of Williams exists in this case regardless. For example, it could conceivably develop at trial that the court will only permit the jury to be instructed regarding plaintiff's claims that the actions of Captain D's employees caused Foradori's injuries, rather than plaintiff's claims that the design of Captain D's premises proximately caused such harm. At this juncture, it appears to this court that plaintiff's claims that the actions of Captain D's employees caused

---

> determine that [Captain D's] was negligent not to have in place certain precautions and/or warning, between the Captain D's premises and Third Party Defendant Walter's premises, Third Party defendants Castles and/or Williams were actively negligent, whereas Captain D's was passively negligent, if negligent at all, thus requiring indemnification in favor of Captain D's from Third Party Defendants Castles and/or Williams in regard to this claim.

[4]The court recognizes that it has dismissed the third-party claim asserted by Captain D's against Jim Walter, but this holding was necessitated by the court's holding that plaintiff's claims against Jim Walter lacked merit.

9

Foradori's injuries are considerably stronger than his claims that the negligent design of Captain D's premises did so.

The court would also note that the viability of Captain D's indemnity claims will likely depend upon its arguments that any negligence on the part of Williams was active, and that its own negligence was merely passive. This may be a difficult showing for Captain D's to make, and this court may well decline to allow Captain D's separate indemnity claims to proceed, even assuming that a verdict is rendered against it at trial. At any rate, the court declines to address these issues relating to Williams' liability at this juncture, and Williams' motion for summary judgment is therefore due to be dismissed without prejudice. Various motions in limine filed by Williams are also due to be dismissed without prejudice, although the court may consider issues relating to the potential indemnity claims against Williams in making evidentiary and other rulings at trial.

In light of the foregoing, it is ordered that:

1. Jim Walter's motions [336-1, 371-1] for summary judgment are granted, both as to the third party claims asserted against it by Captain D's and as to the direct claims asserted against it by plaintiff.

2. Jim Walter's appeal [380-1] of the Magistrate Judge's ruling permitting plaintiff to amend his complaint is denied.

3. Jim Walter's motion [407-1] to continue the trial on the basis of plaintiff's amendment of his complaint is dismissed as moot.

4. Captain D's motion [355-1] for summary judgment as to Foradori's claims is denied.

5. Captain D's motion for summary judgment [350-1] as to any claims asserted against it by Lane is granted.

6. Lane's motion [413-1] to file a sur-rebuttal brief is granted.

7. Jim Walter's motion [399-1] for extension of time to file a rebuttal brief is dismissed as moot.

8. Williams' motion [368-1] for summary judgment is dismissed without prejudice. Williams' motion [430-1] to file excess pages is granted. Williams' motions in limine [453-1, 454-1, 455-1, 456-1, 457-1] are dismissed without prejudice. Williams' motion to continue the trial in this action is denied, although the court may (or may not) elect, at a later date, to continue any separate indemnity action against Williams.

**SO ORDERED**, this 8th day of September, 2005.

　　　　　　　　　　　　　　　　　　 /s/ Michael P. Mills
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**