UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MIKE FORADORI, GUARDIAN OF THE
PERSON AND ESTATE OF MICHAEL
FORADORI, JR.                                                                                    PLAINTIFF

V.                                                                                                   CASE NO. 1:03cv669

CAPTAIN D'S, LLC                                                                               DEFENDANT

VS.

CASTLE & ASSOCIATES,                                                          THIRD PARTY DEFENDANTS
JIM WALTER HOMES, INC.,
JOHN DOES 1-10 AND
XYZ CORPORATIONS 1-10
_____

**ORDER**

This cause comes before the court on Captain D's motion for this court to reconsider or clarify **[465-1]** its prior order denying Captain D's motion for summary judgment. In its prior order, this court noted its view that plaintiff's premises liability claims were considerably weaker than his claims that Captain D's employees had committed tortious acts which resulted in the grevious injuries suffered by Foradori. The court nevertheless concluded that any ruling on Captain D's motion to dismiss these premises liability claims would best be held in abeyance until after the presentation of the evidence at trial. The court was not persuaded that there was any compelling reason to consider Captain D's motion to dismiss the premises liability claims at this juncture, considering that there clearly existed fact issues with regard to other claims raised

1

by plaintiff and there would be a trial in this matter regardless. The court is now persuaded, however, that a ruling on Captain D's motion to dismiss plaintiff's premises liability claims is appropriate, based primarily upon the fact that third party defendants Williams Engineering and Castle & Associates have an understandable need for their status in this case to be clarified.[1] Moreover, the court's ruling on this issue will serve to clarify certain vexing issues relating to the application of the "empty chair" defense as set forth in Miss. Code. Ann. § 85-5-7.

Turning to the merits of Captain D's motion to reconsider, this court must conclude that no genuine issue of material fact exists regarding plaintiff's claims that alleged defects in the design or maintenance of Captain D's premises were proximate causes of Foradori's injuries in this case. This case involves an incident in which a salaried employee of Captain D's confronted a paying customer in a hostile manner on restaurant premises and thereupon threw him off a ledge, leaving him paralyzed for life. While such facts might well cause a responsible restaurant owner to feel a moral and legal obligation to compensate the customer for his injuries, the court sees nothing in the facts submitted by plaintiff which might lead it to conclude that Captain D's faces potential liability in this case based upon the design and/or maintenance of its premises. The court has reviewed the expert report and deposition testimony of Dr. Nigel Ellis, and while this expert makes diligent efforts to connect Foradori's injuries to the condition of Captain D's premises, the court finds this expert's efforts in this regard to be wholly unavailing.

---

[1] This court previously held that Captain D's indemnity claims against these third-party defendants would only be litigated when and if plaintiff obtained recovery against Captain D's. The third party defendants point out, however, that this will leave them in a difficult positition as far as the initial trial is concerned, considering that Captain D's has expressed an intent to argue at trial that these third party defendants, rather than itself, were responsible for plaintiff's damages. These issues can be resolved by considering Captain D's motion for summary judgment at this time, and the court has elected to do so.

Plaintiff's primary argument on this issue is that a guardrail or other such barrier should have been placed on top of the retaining wall in this case, but the court finds this argument unpersuasive. There is serious question in this court's mind as to whether Captain D's would have had a legal duty to place a guardrail or other such barrier over the retaining wall in this case even if it had owned the wall in question, which, as discussed *infra*, it did not. The court would note that there are numerous such retaining walls lacking guardrails in businesses throughout this state, and the court doubts whether the mere absence of such a guardrail would constitute negligence, absent unusual circumstances which render injury particularly foreseeable. Plaintiff's injury in this case only occurred as a result of a rather unusual event, namely a criminal assault which occurred on the restaurant premises. In the court's view, Captain D's had a duty to design its premises in such a manner as to ensure that customers using its premises in a foreseeable manner would not face injury, but it had no duty to ensure that its premises were safe for customers who were engaged in violent altercations. Simply stated, Captain D's is a restaurant, not a boxing ring.

Quite apart from the above considerations, the evidence clearly establishes that Jim Walter Homes, rather than Captain D's, owned the retaining wall at issue in this case. Thus, even assuming, purely *arguendo*, that either business had a duty to put a guardrail over the retaining wall, that duty belonged to Jim Walter, rather than Captain D's. The court has previously held, however, that Jim Walter only owed Foradori the minimal duty owed to a trespasser and/or licensee, and Jim Walter has accordingly been dismissed from this lawsuit. In light of the foregoing, the court sees no basis upon which a reasonable juror might conclude that the condition of Captain D's premises resulted in plaintiff's injuries, and Captain D's motion to

3

reconsider will be granted as it relates to plaintiff's premises liability claims. In light of this ruling, Captain D's indemnity claims against Williams and Castle are extinguished, and these third-party defendants are hereby dismissed from this lawsuit with prejudice.

    SO ORDERED, this the 29th day of September, 2005.

                          **/s/ Michael P. Mills**
                          **UNITED STATES DISTRICT JUDGE**