UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MIKE FORADORI, GUARDIAN OF THE
PERSON AND ESTATE OF MICHAEL
FORADORI, JR.                                                                                    PLAINTIFF

V.                                                                                    CASE NO. 1:03cv669

CAPTAIN D'S, LLC                                                                              DEFENDANT

VS.

CASTLE & ASSOCIATES,                                                     THIRD PARTY DEFENDANTS
JIM WALTER HOMES, INC.,
JOHN DOES 1-10 AND
XYZ CORPORATIONS 1-10
_____

## ORDER

The court has before it numerous motions filed by plaintiff and defendant in the above-entitled action. With regard to these motions, the court rules as follows:

**I. Daubert motions**

The court presently has before it several motions filed by Captain D's to exclude various expert witnesses retained by plaintiff pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993). *Daubert* set forth several factors that a district court should take into account in evaluating whether a particular scientific methodology is reliable, to wit:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the

1

expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

After having considered the aforementioned factors, the court rules as follows:

A. Captain D's motion to strike the testimony of plaintiff's expert Stewart Feigenbaum **[361-1]**, who has been called to testify regarding restaurant management and restaurant industry practices, will be denied at this juncture. While defendant may well have some potentially profitable areas for cross-examining and impeaching Feigenbaum as a witness, the court concludes that Feigenbaum's testimony will assist the trier of fact in this case. In so concluding, the court would emphasize that the mere fact that a witness' testimony and/or methodologies might arguably contain some weaknesses does not necessarily mean that this witness should be excluded under *Daubert*. Indeed, defendant will have abundant opportunity to demonstrate any such weaknesses to the jury through cross-examination of the witness. It is often the case that such cross-examination results in an expert witness harming, rather than helping, the case of the party which called him. Regardless, the crucial issue in this context is whether the witness will assist the trier of fact in making an informed verdict for either party, and the court concludes that this witness will so assist the jury in this case. While the court thus concludes that Feigenbaum should not be precluded from testifying in this case, nothing in this court's ruling prevents defendant from raising specific objections at trial to specific testimony of this witness, and the court will consider any such objections at trial.

B. Captain D's motion to strike **[369-1]** the testimony of plaintiff's expert Dr. Nigel Ellis and Captain D's related motion **[335-1]** to strike Dr. Ellis' expert report will be granted, based primarily upon the court's order, issued this date, dismissing plaintiff's premises liability claims

2

against Captain D's. The court sees no reason for Dr. Ellis to testify in light of this dismissal, although the court stands ready to consider any arguments to the contrary at trial in the event that Dr. Ellis might be able to shed light on other issues of relevance herein.

    C. Captain D's motion **[365-1]** to strike the testimony of plaintiff's security expert Howard Wood will be denied, although the court reserves judgment on whether Wood will be permitted to testify regarding his statistical analysis of crime rates in Tupelo in support of his assertion that the crime in the instant case was foreseeable. It is arguable that the use of such statistical proof is inapposite in the present case, which does not involve a random criminal act by an outside party, but, rather, a deliberate assault by a Captain D's employee. Moreover, there does appear to be some question regarding the reliability of the methods used by Wood in performing his statistical analysis in this case, and the court will entertain additional arguments in this regard at trial.

    D. Captain D's motion **[359-1]** to strike the testimony of plaintiff's expert G. Richard Thompson, Phd, who has been called to testify regarding plaintiff's damages, will be granted, to the extent that he seeks to offer expert testimony regarding the pecuniary value of any hedonic damages suffered by Foradori. After reviewing Dr. Thompson's report and the methodologies used therein, the court views his hedonic damages testimony as quintessential "junk" science excluded by *Daubert*.. *See, e.g. Davis v. ROCOR Intern.,* 226 F.Supp.2d 839 (S.D. Miss. 2002) (excluding hedonic damages expert testimony pursuant to *Daubert*). Indeed, the notion that Dr. Thompson is able to assign the precise value of $ 1,164,300 to plaintiff's loss of enjoyment of life borders on the absurd, and the specific methodologies used by Dr. Thompson in arriving at this figure strengthen this court's conclusion in this regard.

3

While the Mississippi Supreme Court held in *Kansas City Railroad v. Johnson*, 798 So.2d 374 (Miss. 2001) that expert testimony regarding hedonic damages may be admissible, that case was decided prior to the Court's adoption of the *Daubert* standard in the 2003 decision of *Mississippi Transportation Commission v. McLemore*, 863 So.2d 31 (Miss. 2003). Indeed, the Supreme Court in *Johnson* specifically emphasized that the court had not adopted the *Daubert* standard in holding that the expert testimony in question was admissible, *see Johnson*, 798 So.2d at 382, and the continued validity of the *Johnson* holding is thus in very serious doubt.[1] Moreover, it is apparent that *Daubert* requires this court to consider the methodologies used by each particular witness in each particular case and, even assuming that there is some hypothetical expert who could reliably establish the amount of a plaintiff's hedonic damages in a particular case, the court concludes that the methodologies used by Dr. Thompson in this case do not withstand *Daubert* scrutiny. The court therefore grants Captain D's motion to strike Dr. Thompson's testimony with regard to the issue of hedonic damages, although Dr. Thompson may testify regarding other matters involving plaintiff's damages.

E, Captain D's motion **[352-1]** to strike the testimony of plaintiff's expert Nathaniel Fentress, who has been called to testify regarding plaintiff's future medical expenses, will be denied at this juncture, for the same reasons previously cited by this court in denying the motion to strike Feigenbaum's's testimony.

**II. Evidentiary and other miscellaneous motions**

Captain D's motion **[435-1]** to exclude evidence of certain medical expenses is denied,

---

[1]The court would note that the Legislature specifically abolished such expert testimony regarding hedonic damages for cases (unlike the present one) filed after January 1, 2003. *See* Miss. Code Ann. § 11-1-69.

based upon the Mississippi Supreme Court's decisions in *Brandon HMA v. Bradshaw*, 809 So. 2d 611, 619 (Miss. 2001) and *Wal-Mart v. Frierson*, 818 So.2d 1135 (Miss. 2002) (holding that trial court properly admitted plaintiff's evidence of medical expenses that had been "written off" under Medicare/Medicaid regulations). In the same vein, plaintiff's motion in limine **[431-1]** to prohibit defendant from mentioning to the jury the fact that Foradori's medical expenses were paid by insurance is granted, based upon the application of the collateral source rule.

Captain D's has filed a very lengthy and overbroad motion *in limine* which sets forth a laundry list of requests to exclude various forms of evidence, and these requests constitute, in large part, redundant recitations of rules of evidence and/or civil procedure. For example, Captain D's seeks to exclude evidence of its insurance coverage pursuant to F.R.E. 411, and it also seeks to prohibit expert testimony by lay witnesses, as prohibited by F.R.E. 701. Most of the other motions *in limine* represent attempts by Captain D's to exclude broad categories of evidence, with very little specificity regarding the precise testimony sought to be excluded. In the court's view, if the admission of a particular form of evidence is already prohibited by a rule of evidence and/or procedure, it is not necessary for a party to file a motion *in limine* seeking to exclude such evidence, barring some affirmative indication that plaintiffs plan to introduce it at trial. It is not this court's duty to redundantly re-affirm principles of law prior to trial which are already adequately set forth in the rules of evidence and/or civil procedure. The court trusts that plaintiffs are familiar with the rules of evidence and civil procedure and will follow the provisions thereof at trial.

The court takes issue with the manner in which Captain D's has used motions *in limine* in this case. Motions *in limine* may be used effectively in a targeted manner, but Captain D's has

5

instead sought to use a "shotgun" approach to entice this court to make broad pronouncements regarding the admissibility of various forms of evidence. This court is reluctant to make such broad pronouncements in advance of trial when it has little indication regarding the specific nature and context of any evidence which plaintiff might seek to introduce. Rather than deal with the laundry list of motions *in limine* propounded by defendant at this time, the court suggests that the parties confer regarding the issues raised by defendant in its motion. To the extent that actual disagreement exists between the parties regarding these issues, the court will consider them at trial, but, for the time being, the motion **[440-1]** *in limine* will be denied.[2]

That brings the court to plaintiff's motion *in limine* to prohibit defense expert Dr. Fredrick Carlton from testifying regarding Foradori's alleged marijuana use on the night he was injured and to prohibit Captain D's from otherwise mentioning Foradori's alleged marijuana use at trial. Foradori's emergency room report from the night of his accident contains a notation that "the patient tells me that he was 'smoking weed' tonight," and Dr. Carlton has expressed his view that this marijuana use severely impaired Foradori's ability to protect himself after he was thrown off the retaining wall by Harris. In response, plaintiff argues that the prejudicial effect of the evidence of Foradori's drug use substantially outweighs its probative value and should therefore be excluded under FRE 403.

While the court agrees that evidence that Foradori had merely used marijuana on

---

[2]This court's ruling on Captain D's motions to bar evidence of out-of-state financial condition, out-of-state financial condition and "reprehensibility evidence" of dissimilar conduct, will be held in abeyance until such time as the issue of punitive damages comes before the court under the bifurcated procedures mandated by Miss. Code. Ann. § 11-1-65. To the extent that these issues might arise in the compensatory phase of the trial, Captain D's may raise specific objections at trial.

unspecified occasions in the past would be unduly prejudicial, there is arguably significant probative value, for contributory negligence purposes, to evidence that Foradori may have been under the influence of marijuana on the night in question. Corpus Juris Secundum, 65A, § 143 notes the general rule that

> The mere fact that a person was intoxicated at the time he was injured does not of itself constitute contributory negligence, but the fact that a person was intoxicated is a circumstance which may be considered in determining whether he exercised due care.

This approach is consistent with Mississippi case law. In *Mississippi Power & Light Co. v. Lumpkin*, 725 So.2d 721 (Miss. 1998), the Mississippi Supreme Court reversed a trial court's finding that evidence of a driver's intoxication was more prejudicial than probative under Rule 403, writing as follows:

> While we applaud the care taken by the court to preclude issues which are more prejudicial than probative, that care was misapplied in this case. We so conclude primarily because any negligence on the part of Kristen in choosing to ride with Tackett while he was driving under the influence of alcohol must be assessed by the jury. Additionally, because the foreseeability of an accident such as this bears upon the issue of MP & L's negligence, if any, Tackett's condition may be instructive with regard to a jury assessment of the condition of the road in that location and the role that it played in the accident. While it is clear that foreseeability is to be determined by reference to what might probably happen rather than what did in fact happen, what actually happened cannot be erased from the mind of the jury in making that assessment. It is important that it know a circumstance as relevant as this. Finally, Tackett's state of sobriety may also have an impact upon the jury's assessment of his credibility in relating the events which occurred that night.

*Lumpkin*, 725 So.2d 721.

In response, plaintiff cites the familiar "eggshell skull" rule that a defendant "takes a plaintiff as he finds him," but the court finds this argument to be unpersuasive. Clearly, marijuana use can be considered (or at least contribute to a finding of) contributory negligence,

rather than a pre-existing medical or other such condition.  Captain D's has a right to defend itself by arguing that plaintiff's own negligence contributed to his injuries, and, for this reason, plaintiff's motion *in limine* **[441-1]** will be denied at this juncture.  The court also concludes that plaintiff's *Daubert* motion (filed as part of the motion *in limine*) to exclude Dr. Carlton's testimony will be denied at this juncture, for the reasons previously cited by this court in denying the motion to strike Feigenbaum's testimony.

As a final matter, Foradori has filed a motion *in limine* to preclude any mention of his "family history and circumstances" (including his having been placed in foster care and his parents' alleged drug use).  The court sees little if any relevance to this evidence, and any slight probative value which such evidence might have is substantially outweighed by its prejudicial effect under FRE 403.  The court will permit Captain D's to introduce evidence which might tend to establish Foradori's future earning potential (or lack thereof), but the court will take care that any such evidence has actual probative value in this regard and that it is not merely used to "smear" or denigrate the defendant in the eyes of the jury.  With the above caveat, Foradori's motion *in limine* **[432-1]** will be granted.

SO ORDERED, this the 29th day of September, 2005.

                                                /s/ Michael P. Mills
                                           **UNITED STATES DISTRICT JUDGE**