**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MIKE FORADORI, AS GUARDIAN**
**FOR THE PERSON AND ESTATE OF**
**MICHAEL FORADORI, JR., A MINOR**
**AND LANE FURNITURE INDUSTRIES, INC.**

**VS.**                                    **CIVIL ACTION NO. 1:03CV669**

**CAPTAIN D'S, LLC**

**VS.**

**CASTLE & ASSOCIATES,**
**JIM WALTER HOMES, INC.,**
**JOHN DOES 1-10 AND**
**XYZ CORPORATIONS 1-10**

### ORDER

The court has reviewed the proposed jury instructions submitted by the parties and has elected to make written observations with regard to same. With regard to plaintiff's proposed instructions, the court concludes that many of these instructions are phrased redundantly and could be stated more concisely. Indeed, plaintiff has submitted thirty-two proposed instructions, and it seems clear to this court that this number is excessive for a case of this nature. Moreover, some of these instructions (like some of those submitted by defendant) do not reflect recent rulings of this court. At the same time, it appears that plaintiff has, for the most part, made a good faith attempt to state the law applicable to this case in its jury instructions. The court will therefore make use of many of these instructions, although the court finds some of them to be either

1

redundant and/or erroneous.  The court will make specific findings in this regard at a later date.

With regard to defendant's proposed instructions, it appears that many, if not most, of these instructions are phrased in a manner which is plainly slanted to defendant's view of the facts and case.  Moreover, many of these instructions fail to reflect that plaintiff is proceeding under alternative theories of recovery, including theories of active negligence on the part of Captain D's in failing to train and supervise its employees and vicarious liability on the part of Captain D's for the acts of its employees.  Based upon the evidence submitted at trial to date, the court tentatively concludes that triable jury issues will exist as to each of these theories.

As examples of the foregoing, the court would note that defendant's proposed instruction D-9 is defective in that in mandates a verdict for Captain D's so long as Captain D's employee Garious Harris was acting outside of the course and scope of his employment at the time he assaulted Foradori.  In reality, the issue of whether Harris was acting in the course and scope of his employment is relevant to the issue of Captain D's vicarious liability for Harris' actions, but plaintiff also alleges direct negligence on the part of Captain D's as an alternative theory of liability.  As such, D-9 is incomplete and misleading as written.

Defendant's superseding cause instruction D-10 is defective in that it mandates a verdict for Captain D's so long as Harris' assault was an "independent" and "intervening" act. In reality, unforeseeability is the crux of the superseding cause analysis, and D-10 is plainly defective in absolving Captain D's

of liability based upon a finding that Harris' actions were merely "independent" and "intervening." It seems clear that Harris' actions in assaulting Foradori were both independent (in the sense of being separate) and intervening acts, but this fact is insufficient to render these actions superseding causes which absolve Captain D's of liability for its own negligence.

D-12 is defective in seeming to mandate a verdict for Captain D's so long as plaintiff was not on Captain D's premises at the time he was injured. In reality, this is not a premises liability case in light of this court's grant of summary judgment on this issue. Moreover, a premises owner may, under certain circumstances, face liability for its own negligence even when the results of such negligence are felt outside the premises. For example, if Captain D's negligently failed to supervise its employees properly and these employees chased a customer several blocks from the restaurant premises and assaulted him there, it would not necessarily absolve Captain D's of liability that the employees had committed the actual assault off of restaurant premises. Captain D's does not merely owe invitees a duty not to engage in acts of active negligence which result in foreseeable harm; it owes this duty to all.

D-8 is defective in mandating a verdict for Captain D's based upon Mississippi case law relating to premises owners' liability for criminal acts of "third parties." While this law would be applicable if this case involved a criminal act by a non-employee, it is abundantly clear that Captain D's owes additional legal duties with regard to its own employees, including duties to train and supervise these employees. As such, D-8 is both incomplete and misleading as

3

written.

The above examples are merely illustrative, but they serve to highlight the manner in which defendant has phrased its jury instructions so as to slant the law in its own favor. This is not the approach which this court favors with regard to jury instructions, and the court accordingly will only make limited use of the jury instructions submitted by defendant. The court makes this written ruling in order to set forth its rationale for so doing. It is apparent that defendant has elected to litigate this case in a rather aggressive manner, as it is entitled to do, but the court would submit that jury instructions are not an appropriate occasion for argumentative and slanted recitations of law.

SO ORDERED, this the 4th day of October, 2005.

                                             **/s/ Michael P. Mills**
                                             **UNITED STATES DISTRICT JUDGE**