**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MICHAEL FORADORI, JR.**                                                     **PLAINTIFF**

**V.**                                                    **CASE NO.: 1:03CV669-M-D**

**CAPTAIN D'S, LLC**                                                      **DEFENDANT**

**CAPTAIN D'S, LLC'S MOTION FOR REVIEW OF AND OBJECTIONS TO
PLAINTIFF'S BILL OF COSTS**

**NOW COMES** Captain D's, LLC ("Captain D's"), by counsel, and moves for a review of Plaintiff's bill of costs and objects to the taxation of certain costs on the following grounds:

**I. Introduction**

On October 13, 2005, judgment was entered on a jury verdict in favor of the Plaintiff and against Captain D's. (Doc. #521). Thereafter, Plaintiff submitted a bill of costs, requesting the clerk to tax Captain D's with costs amounting to **$16,792.95**. (Doc. #529-1). Many of these costs are not taxable and, upon review by this Court, Captain D's prays that the non-taxable costs be disallowed and that any taxation of costs be strictly limited to only those items and those amounts recoverable by Plaintiff as a matter of law. A review of relevant authorities makes it evident that a bill of cost is not a tool intended for gouging a losing party and is subject to court scrutiny.

**II. Analysis of Plaintiff's Bill of Costs Under Controlling Law**

The following analysis tracks the Plaintiff's cost bill item by item.

    **A.**     **Fees of the Clerk – $95.00**

            Fees of the clerk are properly taxable. This fee is not contested as a taxable cost.

**B.     Fees for Service of Summons and Subpoena – $55.00**

Plaintiff submits for taxation **$55.00** in costs purportedly paid to Roger Clemmons of Forge Ridge Circle in Nashville, Tennessee, for service of subpoenas issued by Plaintiff's counsel. Costs of a private process server are not taxable. *Autowax Co., Inc. v. Mark V Products, Inc.*, 2002 WL 265091 (N.D. Tex. 2002)(citing *McCoy v. Hernandez*, 1999 WL 38161 (N.D. Tex. 1999)). The costs associated with service of process are only recoverable when a U.S. Marshall serves process.

These process fees for service of subpoenas are not taxable to Captain D's and should be disallowed.

**C.     Fees of the Court Reporter For All or Any Part of the Transcript Necessarily Obtained for Use in the Case – $13,701.81**

This category represents the single largest cost which Plaintiff seeks to have taxed to Captain D's. However, it includes myriad court reporting fees and charges which are non-taxable. From a review of the invoices filed by the Plaintiff with his cost bill, he seeks to recover all costs associated with every single deposition taken in this matter without regard to the nature of the charge, the purpose of the deposition, the role of the deponent, the claim for which the deposition was being taken, *or whether Plaintiff was the prevailing party*. Further, the Plaintiff impermissibly seeks to tax Captain D's with costs and charges for the trial transcript which is not recoverable.

   **1.     Collateral Charges Related to Depositions are Not Recoverable Costs**

   **a. Postage, Shipping and Expedited Delivery Charges**

   The Plaintiff impermissibly seeks taxation of court reporter charges attributable to postage, shipping, expedited delivery (via e-mail and/or other conventional means of shipping) and the like.

   In *Autowax Co., Inc., supra*, that court held that "the law is clear that postage and delivery fees, such as for deposition transcripts, cannot be taxed." *Id.* at *5 (citing *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997)). In the case at hand, the Plaintiff has submitted postage and delivery charges for depositions totaling **$273.75**, none of which is taxable. Moreover, Plaintiff has submitted invoices which do not separately list delivery fees and, consequently, the Plaintiff should be required to demonstrate the amount of the delivery fee so that the

Court may deduct those additional sums. See *Autowax Co., Inc., supra,* at *5 (holding that before prevailing party can recover deposition costs, that party must demonstrate the precise nature of the cost (*i.e.,* original transcript, copy of transcript, etc.)). The non-itemized invoices at issue are related to the depositions of Nat Fentress; Dr. Howard Katz; Dr. Frederick Carlton; Dr. Herndon Murray; Pam Tidwell Garrett; and the Rule 30(b)(6) deposition of Jim Walter Homes, Inc. (NOTE: Dr. Carlton's, Dr. Murray's, Ms. Garrett's, and Jim Walter's deposition costs should be disallowed in totality on other grounds – see arguments below).

### b. Deposition Charges Related to Attorney Convenience

It is further inappropriate as a matter of law to tax deposition costs associated with attorney convenience such as word indexing, condensed manuscripts (a/k/a "min-u-scripts"), ASCII computer disks, and the like. See *Autowax, supra*, at *5 (citing *Jones v. Bd. of Trs. Of Cmty. Coll. Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000); *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997)). Furthermore, this very court has held that more than one copy of a deposition may not be included in the bill of costs. *Christian v. Tackett*, 86 F.R.D. 220, 222 (N.D. Miss. 1979). The Plaintiff has submitted a total of **$294.38** in charges for word indexing, condensed manuscripts, computer diskettes, and extra copies of depositions, none of which is appropriate for taxation.

Furthermore, as previously noted, all non-itemized deposition invoices need to be sufficiently itemized by Plaintiff so that it can be reasonably determined whether they also include any inappropriate charges falling within this category.

2. **Deposition Costs Not Related to Plaintiff's Claims <u>or</u> Related to Claims on which Captain D's and Jim Walter Homes, Inc., Were Granted Summary Judgment**

The Plaintiff further seeks to recover non-allowable costs associated with depositions taken by and between Captain D's and Third-Party Defendants Jim Walter Homes, Inc., Castle & Associates, P.A., and Williams Engineering, Inc. These depositions were conducted in connection with and as a result of Captain D's third-party claims against these parties and not as a result of Plaintiff's trial preparation for its claims against Captain D's. *See Fogelman v. ARAMCO*, 920 F. 2d 278, 285 (5th Cir. 1991).

Along the same vein, the Plaintiff seeks recovery of costs which were incurred in connection with depositions related to claims on which the Plaintiff was not the prevailing party. First, many of the deposition charges included in Plaintiff's cost bill were related to claims on which Captain D's was the prevailing party by virtue of this Court's grant of summary judgment and dismissal with prejudice favorable to Captain D's. (Doc #463). Secondly, these deposition charges were also related to claims filed by the Plaintiff against Jim Walter Homes, Inc., but which were dismissed with prejudice in favor of Jim Walter Homes, Inc. (Doc #461) Under the most expansive interpretation of the term, it cannot be said that the Plaintiff was the "prevailing party" on these claims and thus any related costs are non-taxable.

Unmoved by that fact, the Plaintiff seeks to have the clerk tax costs associated with the following depositions: Nigel Ellis (two depositions) ($1,084.28); Howard Wood ($296.10); 30(b)(6) of Captain D's (by Terry Poulsen – not itemized) ($796.36); Frank Castle and the 30(b)(6) deposition of Castle & Associates, P.A. ($413.15); Pam Tidwell Garrett ($107.55); Billy Philbeck (two depositions), James Hawk, William Jones, and Jason Brewer ($1,014.25); Robert Stanley Williams and the 30(b)(6) deposition of Williams Engineering, Inc.($338.05); Troy Harrison and Al Cannon (second deposition only) ($198.20); Jim Johnson and Buddy McCarty ($125.55); Ben Smith and Larry Britt ($292.30); and the 30(b)(6) deposition of Jim Walter Homes, Inc. ($820.50). The total costs associated with this category which should not be taxed amounts to **$5,486.89**

3. **Costs Associated with Depositions Taken for Discovery or Investigation Purposes**

Certain of the depositions taken in this case were for investigatory and/or discovery purposes only and as such the costs associated with them are not taxable. See *Fogelman v. ARAMCO*, 920 F. 2d 278, 285 (5th Cir. 1991).

Particularly, the depositions taken of Captain D's experts were for discovery and/or investigatory purposes because full and complete Uniform District Court Rule 26.1 reports were disclosed to the Plaintiff prior to the depositions, rendering such depositions a discovery or investigative tool which Plaintiff took at his election. Captain D's experts' reports fully complied with the mandates of Rule 26.1 – indeed, Plaintiff never complained otherwise. Such

expert depositions include the depositions of Frederick Carlton, M.D., and Fred Del Marva.

Furthermore, Captain D's conducted a purely investigatory or discovery deposition of Herndon Murray, M.D. Dr. Murray was not called as a witness by either party. The Plaintiff now seeks to assess Captain D's with the cost of obtaining a copy of Dr. Murray's deposition. This is a non-taxable cost.

The total cost the Plaintiff seeks to recover for these three depositions is **$1,367.05.** This sum should be deemed non-taxable. It should be noted that other expert deposition costs submitted by Plaintiff arguably fall within this category as well; however, those costs should be disallowed on the primary ground that they were incurred as a consequence of claims on which the Plaintiff did not prevail and/or were related to Captain D's Third-Party claims. *See ¶* C.2. above.

**4.  Trial Transcript Costs**

The Plaintiff seeks to tax Captain D's with expedited trial transcript costs totaling **$2,345.20**. The Fifth Circuit decision of *Fogelman v. ARAMCO*, 920 F. 2d 278, 286 (5th Cir. 1991) holds that the extra costs for obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript. See also *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F. 2d 613, 615–16 (5th Cir. 1985). No such predicate exists for taxing these costs.

Further, according to Plaintiff's invoice, the trial transcript was ordered by Plaintiff on October 13, 2005, the date the jury verdict was entered, and thus no rational argument can be made that it was obtained for preparation at trial. The case of *Card v. State Farm Fire & Casualty Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989) holds that the costs of the daily transcript is taxable only if it was necessary for use in the case. When merely used for the convenience of counsel, the charges are to be disallowed. The total amount of **$2,345.20** associated with the Plaintiff obtaining the trial transcript should be stricken.

**D.  Fees for Witnesses – $1,126.80**

While fees for witnesses are generally taxable, they must have been

"incurred" to be recoverable. *See* 28 U.S.C. § 1924. The Plaintiff's cost bill reflects that three witness checks issued – namely, to Al Cannon, Phil Purcell, and Jeffrey Knight – had not been cashed at the time of the cost bill. It has since been determined that at the time of this motion, Mr. Knight still has not negotiated his check. It is unknown whether Mr. Cannon has. Under the requirements of 28 U.S.C. § 1924, it is incumbent on the Plaintiff to verify under oath that the cost has actually been incurred. The Plaintiff has failed to do this as to Messrs. Cannon's and Knight's witness fee. Thus, unless and until Plaintiff can verify that the cost has ripened, **$531.80** of the witness fees is non-taxable. Additionally, Mr. Knight was an expert retained and designated by Captain D's solely in connection with its third-party claim against Williams Engineering, Inc., and Castle and Associates, P.A. This was a third-party claim of indemnity stemming from a direct claim filed by the Plaintiff against Captain D's. Captain D's prevailed on summary judgment against the direct claim brought by the Plaintiff thus extinguishing the third-party claim for which Mr. Knight had been retained. Once the Court granted summary judgment in Captain D's favor, Mr. Knight was formally withdrawn as an expert. The Plaintiff had no right under the law to call Mr. Knight as a witness and, in fact, did not call Mr. Knight as a witness. The Plaintiff did not prevail on the claim affiliated with Mr. Knight's testimony. For this additional reason, Mr. Knight's witness fee of **$244.30** is separately non-taxable, without regard to whether he has or will negotiate the check.

    **E.**    **Photocopying Charges – $1,814.28**

The Plaintiff submits a non-itemized invoice for photocopying charges amounting to **$1,814.28**. Non-itemized copying charges which fail to inform the court what the copies are or how they were used in the litigation of the case are non-taxable. See *Homebuilders Association of Mississippi v. City of Madison*, 191 F.R.D. 515, 519 (S.D. Miss. 1999). All that the invoice submitted by the Plaintiff discloses are dates, with no sufficient description. The entire amount of **$1,814.28** should be disallowed.

**III. Conclusion**

Of the **$16,792.95** in court costs with which the Plaintiff seeks to tax Captain D's, **$12,168.35** should be disallowed as a matter of law.

**WHEREFORE, PREMISES CONSIDERED,** Captain D's prays that upon review by this Court, the costs objected to herein be disallowed and deemed non-taxable.

**RESPECTFULLY SUBMITTED, THIS,** the 9th day of November, 2005.

**CAPTAIN D'S, LLC**

By: s/Bradley F. Hathaway
**BRADLEY F. HATHAWAY, MSB NO. 10203**
**Counsel for Defendant/Third Party Plaintiff**

**OF COUNSEL:**

**CAMPBELL DeLONG, LLP**
923 Washington Avenue
Post Office Box 1856
Greenville, MS 38702-1856
Telephone: (662) 335-6011
Facsimile: (662) 334-6407
E-mail: bhathaway@campbelldelongllp.com

**L. BRADLEY DILLARD, MSB NO. 10114**
**KEVIN B. SMITH, MSB NO. 10213**
**MITCHELL McNUTT & SAMS, P.A.**
P. O. Box 7120
Tupelo, MS 38802-7120
Telephone: (662) 842-3871
Facsimile: (662) 842-8450

## CERTIFICATE OF SERVICE

I hereby certify that on **November, 9th 2005,** I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John F. Perry, III, Esq.; R.H. Burress, III, Esq. (bburress@langstonlaw.com; Joseph C. Langston (jlangston@langstonlaw.com); David Z. Scruggs, Esq. (zachscruggs@scruggsfirm.com) ; Taylor B. Smith, Esq. (tbs@kullmanlaw.com); Elizabeth Pugh Odom, Esq. (epo@kullmanlaw.com); John G. Wheeler, Esq. (jwheeler@mitchellmcnutt.com); L. Bradley Dillard, Esq. (bdillard@mitchellmcnutt.com); Kevin B. Smith, Esq. (ksmith@mitchellmcnutt.com); Tacey Clark Clayton, Esq. (tclayton@northmslaw.com); Sidney Ray Hill, III, Esq. (rhill@northmslaw.com); Benjamin Humphreys McGee, III, Esq. (hmcgee@holcombdunbar.com); Michael N. Watts, Esq. (mwatts@holcombdunbar.com); R. Bradley Best, Esq. (bradbest@holcombdunbar.com); Joseph Adams, Esq.; Clarence T. Guthrie, III, Esq. (guthriec@phelps.com)(ctguthrie3@yahoo.com); Joseph Lee Adams (adamsjo@phelps.com); William C. Anderson, III (W.Anderson@arandpartners.com); Chad M. Castro (Chad.Castro@arandpartners.com); Donna Brown Jacobs (donna.jacobs@butlersnow.com); LeAnn Nealey (leann.mercer@butlersnow.com); W. Scott Welch, III (scotty.welch@butlersnow.com)

I hereby certify that I have mailed via first-class U. S. Mail the foregoing document to the following non-ECF participants on this same date:

James Mark Shelton, Esq.
Jana Long Dawson, Esq.
Shelton & Dawson, P.A.
P.O. Box 228
Tupelo, MS 38802

                 **s/Bradley F. Hathaway, Esq.**
                 **MS Bar No. 10203**
                 **CAMPBELL DeLONG, LLP**
                 **Attorney for Defendant/Third Party**
                 **Plaintiff Captain D's, LLC**
                 **923 Washington Avenue**
                 **P. O. Box 1856**
                 **Greenville, MS 38702-1856**
                 **Telephone: (662) 335-6011**
                 **Facsimile: (662) 334-6407**
                 **E-mail: bathaway@campbelldelongllp.com**